**Rajwinder KAUR, aka Rajwinder Atwal, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73649.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

Norah Ascoli Schwarz, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Krista Tongring, Esq., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Rajwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Marcu v. INS*, 147 F.3d 1078, 1080–81 (9th Cir. 1998), and we deny the petition for review.

■ Substantial evidence supports the IJ's finding that even if Kaur established past persecution, the government rebutted any presumption of a well-founded fear of future persecution with evidence of changed country conditions. *See id.* at 1181–82.

As Kaur failed to meet her burden to demonstrate eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

■ Substantial evidence also supports the IJ's determination that Kaur failed to establish it is more likely than not that she would be tortured if she returned to India.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004).

■ Finally, we decline to consider the evidence Kaur attached to her opening brief because our review is limited to the administrative record underlying the BIA's decision. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED.**